DIETZ, Judge.
 

 *376
 
 In October 2013, the superintendent of the Alamance-Burlington County Schools agreed to a new, four-year employment contract approved by the local school board. Just seven months later, the school board held a closed meeting where the superintendent abruptly resigned and the board approved a $200,000 severance payment. The Times News Publishing Company then filed a request for the meeting minutes of the closed session so that it could report on the school board's handling of the superintendent's departure.
 

 In particular, the Times News sought to learn why the school board paid $200,000 in taxpayer money to a departing school employee just months after that employee signed a contract agreeing to stay for four more years. But the school board refused to hand over the minutes, arguing that the closed meeting concerned a "personnel matter" and therefore the meeting minutes were totally exempt from our State's public record and open meeting laws.
 

 For the reasons discussed below, we reject the school board's argument that the closed meeting minutes are categorically exempt from public disclosure because they concern a personnel matter. Under Supreme Court precedent, a trial court presented with an Open Meetings Law claim concerning closed meeting minutes must review the minutes
 
 in camera
 
 -meaning in private, not in open court-and "tailor the scope of statutory protection in each case" based on the contents of the minutes and their importance to the public.
 
 News & Observer Pub. Co. v. Poole,
 

 330 N.C. 465
 
 , 480,
 
 412 S.E.2d 7
 
 , 16 (1992). As the Supreme Court explained, "[c]ourts should ensure that the exception to the disclosure requirement should extend no further than necessary to protect ongoing efforts of a public body, respecting the policy against secrecy in government that underlies both the Public Records Act and the Open Meetings Law."
 

 Id.
 

 As explained below, under the test established in
 
 Poole,
 
 core personnel information such as the details of work performance and the reasons for an employee's departure will remain permanently exempt from disclosure. But other aspects of the board's discussion in the closed session, including the board's own political and policy considerations, are not protected from disclosure. On remand, the trial court must review
 
 *377
 
 the minutes and determine which information is exempt from disclosure and which should be disclosed to the public. Accordingly, we remand this case for an
 
 in camera
 
 review of the meeting minutes consistent with this opinion.
 

 Facts and Procedural History
 

 Dr. Lillie Cox became the Superintendent of the Alamance-Burlington School System in 2011. In October 2013, Dr. Cox and the Alamance-Burlington Board of Education agreed to extend Dr. Cox's contract to 2017. Seven months later, on 30 May 2014, Dr. Cox abruptly resigned from her position after a closed meeting of four of the seven members of the school board. The school board agreed to pay $200,000 as a severance payment and to pay out $22,000 in unused vacation pay.
 

 On 6 October 2014, Plaintiff Times News Publishing Company made a written request to the school board for access to the meeting minutes "for purposes of inspection, examination, and copying pursuant to the Public Records Act." The Times News specifically requested the "production of the unredacted minutes of the Alamance-Burlington Board of Education's specially called meeting or meetings, including any closed sessions in or about May of 2014 relating to the continued employment of the then current Superintendent of Schools." The school board did not produce the unredacted meeting minutes.
 

 *925
 
 On 24 October 2014, the Times News filed a complaint and application for an order compelling disclosure of the unredacted meeting minutes, alleging that the school board violated the Open Meetings Law and Public Records Act by refusing to produce the minutes. The school board filed a motion to dismiss and answer on 19 November 2014. On 1 December 2014, the trial court held a hearing on the motion to dismiss. The trial court granted the motion, concluding "that the records sought by plaintiffs are not public records subject to disclosure under the Public Records Act," and therefore the Times News "failed to state a claim for which relief can be granted." The Times News timely appealed.
 

 Analysis
 

 The crux of this case is the interplay between various state laws enacted to ensure public access to government records.
 

 The first of these laws, and the most important for purposes of this case, is the Open Meetings Law. The Open Meetings Law generally requires that "each official meeting of a public body shall be open to the public, and any person is entitled to attend such meeting."
 

 *378
 
 N.C. Gen.Stat. § 143-318.10(a) (2013). The law permits "closed sessions" of a public body only in limited circumstances, including any meeting to discuss "the qualifications, competence, performance, character, [or] fitness, ... of an individual public officer or employee." N.C. Gen.Stat. § 143318.11(a)(6).
 

 The law also requires that "[e]very public body shall keep full and accurate minutes of all official meetings, including any closed sessions." N.C. Gen.Stat. § 143318.10(e). When a public body meets in a closed session,
 

 it shall keep a general account of the closed session so that a person not in attendance would have a reasonable understanding of what transpired. Such accounts may be a written narrative, or video or audio recordings.
 
 Such minutes and accounts shall be public records within the meaning of the Public Records Law, G.S. 132-1 et seq. ; provided, however, that minutes or an account of a closed session conducted in compliance with G.S. 143-318.11 may be withheld from public inspection so long as public inspection would frustrate the purpose of a closed session.
 

 Id.
 

 (emphasis added). Thus, the Open Meetings Law provides (1) that minutes (or a recording) must be taken during closed sessions; (2) that those minutes "shall be public records within the meaning of the Public Records Law"; and (3) that those minutes "may be withheld from public inspection so long as public inspection would frustrate the purpose of a closed session."
 

 Id.
 

 The second relevant law is the Public Records Act, which generally provides that "public records and public information" compiled by state and local governments "are the property of the people" and should be open to inspection by the public. N.C. Gen.Stat. § 132-1(b) (2013). Like the Open Meetings Law, the Public Records Act has exceptions. Among those exceptions is Section 115C-319 of the General Statutes, which states that "[p]ersonnel files of employees of local boards of education, former employees of local boards of education, or applicants for employment with local boards of education shall not be subject to inspection and examination" under the Public Records Act. N.C. Gen.Stat. § 115C-319 (2013). The term "personnel file" is defined, in relevant part, as "any information gathered by the local board of education" relating to "the individual's application, selection or nonselection, promotion, demotion, transfer, leave, salary, suspension, performance evaluation,
 
 *379
 
 disciplinary action, or termination of employment
 
 wherever located or in whatever form.
 
 "
 

 Id.
 

 (emphasis added). Thus, the Public Records Act, and its accompanying limitation in Section 115C-319, categorically prohibit public disclosure of certain personnel information of current and former school employees.
 

 The central issue in this case is how these two laws interact. The school board contends that the minutes of the closed meeting are a "personnel file" because they contain "information gathered by the local board of education" concerning the superintendent's "termination of employment" and related personnel matters. Thus, the school board argues that the minutes are categorically
 
 *926
 
 exempt from public disclosure under N.C. Gen.Stat. § 115C-319.
 

 The Times News contends that the minutes of the closed meeting, whether they are a "personnel file" or not, are governed by the Open Meetings Law, which provides that minutes may be withheld from the public only "so long as public inspection would frustrate the purpose of a closed session." N.C. Gen.Stat. § 143318.10(e). Thus, the Times News argues that the trial court was required to conduct an
 
 in camera
 
 review of the minutes and to assess whether disclosure would frustrate the purpose of the closed session.
 

 Our Court has never addressed this precise issue, but we find guidance in the Supreme Court's decision in
 
 News & Observer Pub. Co. v. Poole,
 

 330 N.C. 465
 
 ,
 
 412 S.E.2d 7
 
 (1992). The plaintiffs in
 
 Poole
 
 sought (among other things) meeting minutes from a special commission formed to investigate "alleged improprieties relating to the men's basketball team at North Carolina State University."
 
 Id.
 
 at 470,
 
 412 S.E.2d at 10
 
 . Although the Supreme Court held that the commission was not subject to the Open Meetings Law, the opinion addressed the interplay between that law and the Public Records Act. Specifically, the Supreme Court held that the Open Meetings Law "provides an exception to the Public Records Act for minutes, which would ordinarily be public records, so long as public inspection would frustrate the purpose of the executive session."
 
 Id.
 
 at 480,
 
 412 S.E.2d at 16
 
 (internal quotation marks omitted).
 
 [1]
 
 The Supreme Court then held that assessing whether disclosure would frustrate the purpose of a closed session "requires consideration of time and content factors,
 
 allowing courts to tailor the scope of statutory
 

 *380
 

 protection in each case.
 
 "
 

 Id.
 

 (emphasis added). The Supreme Court concluded with an instruction that lower courts "should ensure that the exception to the disclosure requirement should extend no further than necessary to protect ongoing efforts of a public body, respecting the policy against secrecy in government that underlies both the Public Records Act and the Open Meetings Law."
 

 Id.
 

 Thus, our Supreme Court has established that the determination of whether information may be withheld under the Open Meetings Law because it would "frustrate the purpose of the closed session" is not a determination that can be made unilaterally by the public body that created the minutes. Instead, where the withholding of information is challenged in court, the court must review those minutes
 
 in camera
 
 -meaning in private, without revealing the contents in open court-using the balancing test from
 
 Poole
 
 quoted above.
 

 But, importantly, in rejecting the Defendants' argument that disclosure of the commission's closed session minutes could chill "free and frank decision-making" by government agencies, the Supreme Court in
 
 Poole
 
 noted that this concern "must yield to the decision of the General Assembly, which enacted several specific exceptions to the Public Records Act, none of which
 
 permanently protects
 
 a deliberative process like that of the Commission after the process has ceased."
 
 Id.
 
 at 481,
 
 412 S.E.2d at 16
 
 (emphasis added). In other words, the Supreme Court acknowledged that there are categories of "exceptions to the Public Records Act" that are permanent-meaning that passage of time is not a factor in whether that information should be released to the public. But the Supreme Court concluded that the information discussed by the special commission in
 
 Poole
 
 was not covered by any of those permanent statutory exceptions because the Commission was not the employer of the state employees mentioned in the meeting minutes. As a result, the minutes "d[id] not meet the definition of 'personnel file' information ... because the information was not 'gathered' by the employer state agency."
 
 Id.
 
 at 483,
 
 412 S.E.2d at 18
 
 .
 

 In light of this language from
 
 Poole,
 
 we hold that N.C. Gen.Stat. § 115C-319 -which states that the "personnel files of employees of local boards of education, former
 
 *927
 
 employees of local boards of education, or applicants for employment with local boards of education shall not be subject to inspection and examination" under the Public Records Act-creates the type of permanent exception identified in
 
 Poole.
 
 If school personnel files were intended to remain confidential only while the individual remained employed by the school district, the General Assembly would not have applied the exception to "former employees."
 

 Id.
 

 As
 
 *381
 
 it is written, the exception for personnel files is permanent and does not expire with the passage of time. Thus, under
 
 Poole,
 
 when a public body enters a closed session to discuss personnel information that falls within the scope of N.C. Gen.Stat. § 115C-319, disclosure of that personnel information
 
 always
 
 would frustrate the purpose of the closed session and thus may be withheld under N.C. Gen.Stat. § 143-318.10(e).
 

 But that does not mean that
 
 all
 
 contents of closed session minutes in personnel cases are beyond disclosure. When a public body meets-particularly one made up of elected officials-the discussion of a personnel matter often could include political and policy considerations broader than the "core" personnel information described in Section 115C-319. Moreover, as we explained above, when the withholding is challenged in court, it is for the trial court, not the school board, to assess what is and is not subject to disclosure under this legal test.
 

 In light of our holding today, we must remand this case to the trial court to conduct an
 
 in camera
 
 review of the meeting minutes consistent with this opinion and our Supreme Court's decision in
 
 Poole.
 
 On remand, the trial court should separate core personnel information from other, related information that is subject to disclosure, keeping in mind the Supreme Court's admonition in
 
 Poole
 
 that "[c]ourts should ensure that the exception to the disclosure requirement should extend no further than necessary to protect ongoing efforts of a public body, respecting the policy against secrecy in government that underlies both the Public Records Act and the Open Meetings Law."
 
 Poole,
 

 330 N.C. at 480
 
 ,
 
 412 S.E.2d at 16
 
 .
 
 [2]
 

 In closing, we note that under the "personnel file" exception to the Public Records Act, many of the specific facts about the superintendent's departure may remain permanently hidden from the public-perhaps an unintended outcome for a law meant to limit secrecy in government. But we are an error-correcting body, not a policy-making or law-making one. What we can say is that, even under the law as it is written today, there may be some information from the school board's closed session that is subject to public disclosure. Accordingly, we remand this case to the trial court to conduct an
 
 in camera
 
 review of the contents of the closed meeting minutes.
 

 Conclusion
 

 *382
 
 We reverse and remand this case for the trial court to conduct an
 
 in camera
 
 review of the requested meeting minutes consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 Chief Judge McGEE and Judge HUNTER, JR. concur.
 

 [1]
 

 The General Assembly moved the relevant statutory language from Section 143-318.11(d) to Section 143-318.10(e) two years after
 
 Poole,
 
 but the language itself did not change.
 
 See
 

 1993 N.C. Sess. Laws 181
 
 .
 

 [2]
 

 We anticipate that there will be times when the trial court's determination following
 
 in camera
 
 review is disputed by the public body seeking to avoid disclosure. Because the court system cannot un-ring the bell once information has been publicly disclosed, the trial court (or this Court, where necessary) should not hesitate to stay the disclosure order pending appeal by the aggrieved party. The General Assembly has instructed that these actions "shall be accorded priority by the trial and appellate courts," N.C. Gen.Stat. § 132-9(a), and thus the appeals process will be resolved far faster than ordinary litigation in the appellate courts.