DILLON, Judge.
 

 The Times News Publishing Company ("Times News"), a publisher of a daily newspaper, originally brought this action seeking an order compelling the Alamance-Burlington Board of Education (the "Board") to provide unredacted minutes of a series of closed sessions of the Board. Times News appeals an order in which Judge O'Foghludha determined that only certain portions of the minutes were subject to disclosure. We affirm Judge O'Foghludha's order.
 

 I. Background
 

 In 2011, Dr. Lillie Cox was hired by the Board to serve as the superintendent of the Alamance-Burlington School System. In May 2014, during a closed session of the School Board, Dr. Cox resigned her position as superintendent. The Board agreed to pay her $200,000 as a severance payment and $22,000 in unused vacation pay.
 

 In October 2014, Times News submitted a written request to the Board seeking access to the minutes from certain closed sessions, including the May 2014 closed session, "pursuant to the Public Records Act." Times News specifically requested disclosure of unredacted minutes of "specially called meeting[s], including any closed sessions in or about May of 2014 relating to the continued employment of the then current Superintendent of Schools." In response, the Board produced forty-five (45) pages of heavily redacted minutes of closed sessions held between March and May 2014.
 

 Times News subsequently commenced this action, seeking a court order compelling the Board to produce the meeting minutes in their
 
 unredacted
 
 form, alleging that the Board had violated the Open Meetings Law and the Public Records Act by failing to produce the minutes. In response, the Board filed a motion to dismiss and an answer, claiming that the redacted portions of the meeting minutes consisted of confidential personnel information and information protected by attorney-client privilege.
 

 The trial court granted the Board's motion to dismiss, concluding that "the records sought by [Times News] [were] not public records subject to disclosure under the Public Records Act." Times News appealed the trial court's grant of the Board's motion to dismiss to this Court in December 2014.
 

 In Times News's first appeal, our Court reversed the trial court's ruling, holding that a trial court presented with an Open Meetings Law claim concerning closed meeting minutes "must review the minutes
 
 in camera
 
 -meaning in private, not in open court-and 'tailor the scope of statutory protection in each case' based on the contents of the minutes and their importance to the public."
 
 Times News Publ'g Co. v. Alamance-Burlington Bd. of Educ.
 
 , ---N.C.App. ----, ----,
 
 774 S.E.2d 922
 
 , 924 (2015) (quoting
 
 News & Observer Publ'g Co. v. Poole
 
 ,
 
 330 N.C. 465
 
 , 480,
 
 412 S.E.2d 7
 
 , 16 (1992) ).
 

 On remand from the first appeal, the Board submitted the full unredacted minutes from the May 2014 closed session and other sessions to the trial court for
 
 in camera
 
 review. In its December 2015 Order, the trial court found that only one previously redacted paragraph from the minutes was subject to disclosure, ruling as follows:
 

 *377
 
 6. With the exception of the first paragraph on the last page of the minutes, the redacted material was properly withheld as containing personnel information related to Dr. Cox and other employees, and discussions protected by the attorney-client privilege. The first paragraph on the [last]
 
 [1]
 
 page contains a discussion of the policies of the Board, and that paragraph should therefore not be withheld from public inspection.
 

 ....
 

 8. With the exception of the first paragraph on the last page of the minutes, public inspection of the unredacted minutes would frustrate the dual purposes of the closed sessions.
 

 9. The first paragraph on the last page of the minutes concerns a policy issue which must be public.
 

 Times News timely filed notice of appeal of the December 2015 Order, resulting in the appeal presently before this Court.
 

 II. Analysis
 

 As in the first appeal, our consideration of this appeal requires us to address the interplay between two state laws enacted to ensure public access to government records-the Open Meetings Law and the Public Records Act.
 
 Times News
 
 , --- N.C.App. at ----,
 
 774 S.E.2d at 925
 
 .
 

 The Public Records Act recognizes that public records and public information are generally open to inspection by the public,
 
 see
 

 N.C. Gen. Stat. § 132.1
 
 (b) (2013), but it does have narrow exceptions, such as information protected by attorney-client privilege, personnel information, or confidential matters concerning students. N.C. Gen. Stat. 143-318.11 (a)(1), (3), (6) (2013) ;
 
 Times News
 
 , --- N.C.App. at ----,
 
 774 S.E.2d at 925
 
 . For instance, personnel records created by a local board of education are not subject to public inspection under the Public Records Act.
 

 Id.
 

 The Open Meetings Law permits a public body to hold "closed sessions"-sessions not open to the public-in limited situations.
 

 Id.
 

 ;
 
 see
 

 N.C. Gen. Stat. § 143-318.11
 
 . For instance, a closed session is allowed in order to (1) prevent the disclosure of non-public information, (2) allow a public body to consult with its attorney and preserve the attorney-client privilege, and (3) allow a public body to confidentially consider individual personnel issues.
 
 N.C. Gen. Stat. § 143-318.11
 
 (a). The Open Meetings Law further requires that "[e]very public body ... keep full and accurate minutes of all official meetings, including any closed sessions."
 
 N.C. Gen. Stat. § 143-318.10
 
 (e). These minutes are considered public records under the Public Records Act, but may be withheld from public inspection where "public inspection would frustrate the purpose of a closed session."
 
 Times News
 
 , --- N.C.App. at ----,
 
 774 S.E.2d at 925
 
 (quoting
 
 N.C. Gen. Stat. § 143-318.10
 
 ).
 

 The relevant statute,
 
 N.C. Gen. Stat. § 143-318.10
 
 , provides as follows:
 

 Every public body shall keep full and accurate minutes of all official meetings, including any closed sessions held pursuant to G.S. 143-318.11. Such minutes may be in written form or, at the option of the public body, may be in the form of sound or video or sound recordings.
 
 When the public body meets in closed session, it shall keep a general account of the closed session so that a person not in attendance would have a reasonable understanding of what transpired.
 
 Such accounts may be written narrative, or video or audio recordings. Such minutes and accounts shall be public records within the meaning of the Public Records Law, [ ] provided, however, that
 
 minutes or an account of a closed session conducted in compliance with G.S. 143-318.11 may be withheld from public inspection so long as public inspection would frustrate the purpose of a closed session.
 

 N.C. Gen. Stat. § 143-318.10
 
 (e) (emphasis added).
 

 In this appeal, Times News argues that even where minutes have been properly redacted, the Open Meetings Law requires a public body, such as the Board, to create and make public a "general account" of the redacted
 
 *378
 
 portions with sufficient detail such that members of the public would be able to "reasonably understand what transpired" at the meeting.
 
 See
 

 N.C. Gen. Stat. § 143-318.10
 
 (e). Essentially, Times News contends that a "general account" of a closed session created pursuant to
 
 N.C. Gen. Stat. § 143-318.10
 
 (e) is separate from the actual minutes of the session, and further contends that even if the minutes themselves might not be subject to public inspection, the general account is subject to public inspection. We disagree with this interpretation of the Open Meetings Law.
 

 The plain language of the Open Meetings Law provides that "every public body shall keep full and accurate
 
 minutes
 
 " of a closed session. The statute also provides that a public body "shall keep a
 
 general account
 
 " of a closed session. Our Court has previously delineated the differences between "minutes" and a "general account" as follows:
 

 The purpose of
 
 minutes
 
 is to provide a record of the actions taken by a board and evidence that the actions were taken according to proper procedures. If no action is taken, no minutes (other than a record that the meeting occurred) are necessary. The purpose of a
 
 general account,
 
 on the other hand, is to provide some sort of record of the discussion that took place in the closed session, whether action was taken or not. A public body must always prepare a general account of a closed session, even if minutes of that closed session are unnecessary. As a practical matter,
 
 the general account of a meeting at which action is taken will usually serve as the minutes of that meeting as well
 
 , if the account includes a record of the action.
 

 Multimedia Publ'g of N. Carolina, Inc. v. Henderson Cnty.
 
 ,
 
 145 N.C.App. 365
 
 , 372-73,
 
 550 S.E.2d 846
 
 , 851 (2001) (emphasis added).
 

 In accordance with
 
 Multimedia
 
 , we hold that where a public body has kept minutes which are sufficient to give someone not in attendance "a reasonable understanding of what transpired," the public body has met its obligation to create a "general account."
 
 Multimedia Publ'g
 
 ,
 
 145 N.C.App. at 372-73
 
 ,
 
 550 S.E.2d at 851
 
 . We note that Times News has not challenged the trial court's conclusion of law in its 2015 Order that "the minutes of the closed session ... do comply with the statutory requirement."
 

 Further, we hold that the statute is unambiguous in allowing a public body to prohibit public inspection of any portion of minutes
 
 or
 
 a "general account" of a closed session where disclosure would "frustrate the purpose of [the] closed session."
 
 See
 

 State v. Hooper,
 

 358 N.C. 122
 
 , 125,
 
 591 S.E.2d 514
 
 , 516 (2004) ("The first step in determining a statute's purpose is to examine the statute's plain language. Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning."). Specifically,
 
 N.C. Gen. Stat. § 143-318.10
 
 (e) states that both "
 
 minutes or an account
 
 of a closed session ... may be withheld from public inspection so long as public inspection would frustrate the purpose of a closed session."
 
 N.C. Gen. Stat. § 143-318.10
 
 (e). Our Supreme Court has recognized that the non-disclosure provision in the Open Meetings Law is an exception to the Public Records Act.
 
 News & Observer v. Poole
 
 ,
 
 330 N.C. at 480
 
 ,
 
 412 S.E.2d at 16
 
 .
 

 Here, the trial court redacted the majority of the forty-five (45) pages of minutes, noting that "the redacted material was properly withheld as containing personnel information related to Dr. Cox and other employees, [ ] discussions protected by the attorney-client privilege[,]" and confidential student information.
 

 A trial court's findings, based on
 
 in camera
 
 review, regarding whether a public body's closed session minutes comply with the Open Meetings Law and the Public Records Act are conclusions of law,
 
 Multimedia Publ'g,
 

 145 N.C.App. at 370
 
 ,
 
 550 S.E.2d at
 
 850 ; therefore, the proper standard for appellate review is
 
 de novo
 
 .
 

 We have carefully reviewed the unredacted minutes submitted under seal to this Court and conclude that the undisclosed portions were properly redacted by the trial court on remand. We also agree with the trial court that the first paragraph on the last page of the minutes concerns a policy issue which must be disclosed to the public. Accordingly,
 
 *379
 
 we affirm the trial court's order in its entirety.
 

 AFFIRMED.
 

 Judges ELMORE and HUNTER, JR., concur.
 

 [1]
 

 The trial court's order refers to the "first paragraph on the first page" in this finding. It appears from the record and the other findings in the trial court's order that this was in error.