IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-332

Filed 4 March 2026

Mecklenburg County, No. 23CV030875-590

GRAY MEDIA GROUP, INC., d/b/a WBTV, Plaintiff,

v.

TOWN OF MATTHEWS, Defendant.

Appeal by defendant from order entered 13 September 2024 by Judge Donald R. Cureton Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 October 2025.

> *Parker Poe Adams & Bernstein LLP, by Daniel E. Peterson, for defendant-appellant.*
>
> *Ballard Spahr LLP, by Lauren P. Russell, for plaintiff-appellee.*

FLOOD, Judge.

Defendant, the Town of Matthews (the "Town"), appeals from an order granting in part and denying in part Plaintiff's, Gray Media Group, Inc. d/b/a/ WBTV ("Gray Media"), Motion for Judgment on the Pleadings. On appeal, the Town contends the trial court erred by: first, ordering the Town to release confidential personnel records to a party not otherwise entitled to disclosure under N.C.G.S. § 160A-168(c), and second, ordering the Town to release an e-mail with redactions lifted such to disclose the name of the employee subject to an internal affairs investigation and the names of three other Town employees. After careful review, we affirm the trial court's

order in part, vacate the trial court's order in part, and remand for entry of an order consistent with this opinion.

## I. <u>Factual and Procedural Background</u>

In April of 2022, Rebecca Hawke, the Town's manager, launched an employee misconduct investigation to determine whether an officer (the "Officer") of the Town's Police Department used excessive force during an arrest that occurred on 11 January 2021. As part of this investigation, the Town retained US ISS Agency, LLC ("ISS"), to conduct "an independent administrative investigation" of the allegations against the Officer. In furtherance of the investigation, the Town also filed a petition (the "Petition") in accordance with N.C.G.S. § 132-1.4A(g) seeking release of law enforcement bodycam recordings (the "Bodycam Recordings") from four law enforcement officers who were present the night the Officer allegedly used excessive force. On 11 October 2022, the Mecklenburg County Superior Court issued an order granting release of the Bodycam Recordings to Hawke; two ISS employees; and the Town's Human Resources Director, Tonya McGovern.

After ISS finished the internal personnel investigation, ISS issued a report to the Town summarizing its findings (the "ISS Report"). Due to several reasons listed in the ISS Report, the Town sent a letter to the Officer on 9 December 2022, stating that his employment was terminated. The termination letter specifically quoted several portions of the ISS Report as reasons for terminating the Officer's employment.

On 10 August 2023, Nick Ochsner, an employee of Gray Media, submitted a public records request for, *inter alia*, the Bodycam Recordings, copies of certain communication records between the Town and the Town's counsel, copies of any contracts between the Town and ISS, and copies of the ISS Report. The Town produced several of the requested documents, including a partially redacted email (the "Email") between McGovern and the Town's counsel. The Town explained that it had redacted certain information—notably, the names of the four law enforcement officers depicted in the Bodycam Recordings—"to protect the privacy of employee personnel records pursuant to [N.C.G.S.] § 160A-168." The Town also declined to release the Bodycam Recordings, asserting the videos were not public records, and the ISS Report, contending the Town was prohibited from releasing the ISS Report because it is a personnel file under N.C.G.S. § 160A-168.

In response, counsel for Gray Media sent the Town a letter arguing the Town could not redact the four names in the Email for two reasons: first, because the law enforcement officer's names were included in the Petition for the Bodycam Recordings, which is a matter of public record, and second, because N.C.G.S. § 160A-168(b) explicitly provides that city employee names are a matter of public record. Gray Media also asserted that the Town was obligated to release the ISS Report because it was not considered a confidential employee personnel record under N.C.G.S. § 160A-168.

The parties could not agree as to whether the Town had to release an

unredacted version of the Email and the ISS Report; thus, on 20 October 2023, Gray Media initiated the present action to compel disclosure of the Bodycam Recordings, the ISS Report, and the Email. Gray Media moved for judgment on the pleadings, attaching a news article, a copy of the Officer's termination letter, and a copy of the Email to its motion. On 14 June 2024, the Town filed a motion for summary judgment and a motion for the trial court to conduct an *in camera* review[1] of the ISS Report and the Email. The Town attached to its motion for summary judgment the Petition, the 11 October 2022 Order, and an affidavit of Hawke.

The parties' cross-motions and the Town's motion for *in camera* review came on for hearing on 26 June 2024. After the hearing, the trial court granted the Town's motion for *in camera* review but reserved ruling on the parties' cross-motions.

After reviewing the Email and the ISS Report *in camera*, the trial court entered an order granting in part and denying in part the parties' cross-motions. In its order, the trial court noted that, since the trial court considered matters outside the pleadings, it had converted Gray Media's motion for judgment on the pleadings to a motion for summary judgment. The trial court concluded there were "no genuine issues of material fact" and ordered the parties to do the following: with respect to the Bodycam Recordings, Gray Media must file a petition pursuant to N.C.G.S. § 132-

---

[1] To review a document *in camera* means the trial court reviewed the document "in private, without revealing the contents in open court[.]" *Times News Pub. Co. v. Alamance-Burlington Bd. of Educ.*, 242 N.C. App. 375, 380 (2015).

1.4A(g); with respect to the Email, the Town must "release to [Gray Media] a version of the Email without redacting the names of the Town employees"; and, with respect to the ISS Report, the Town must "release portions of the confidential ISS Report to [Gray Media]. Portions of the [ISS R]eport that shall remain redacted pertain to any interviews with, and statements made by, officers other than [the Officer]."

The Town filed a timely notice of appeal. Gray Media does not appeal.

## II. <u>Jurisdiction</u>

This Court has jurisdiction to review an appeal from a final judgment of a superior court pursuant to N.C.G.S. § 7A-27(b) (2023).

## III. <u>Standard of Review</u>

The Town appeals from the trial court's order granting in part and denying in part Gray Media's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. When a trial court considers matters outside of the pleadings, a "motion for judgment on the pleadings should be treated as a motion for summary judgment and disposed of in the manner and under the conditions set forth in Rule 56 of the North Carolina Rules of Civil Procedure." *Helms v. Holland*, 124 N.C. App. 629, 633 (1996).

Here, the trial court noted that it considered matters outside of the pleadings and converted Gray Media's Motion for Judgment on the Pleadings to a Motion for Summary Judgment. As such, "the motion for judgment on the pleadings will be treated as motion for summary judgment on appeal." *Carolina Bank v. Chatham*

*Station, Inc.*, 186 N.C. App. 424, 427 (2007).

"The standard of review in an appeal from an order granting a motion for summary judgment and denying a partial cross-motion for summary judgment is de novo." *Stevens v. Heller*, 268 N.C. App. 654, 658 (2019) (citing *Forbis v. Neal,* 361 N.C. 519, 523–24 (2007)). "Under a de novo standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Horne v. Town of Blowing Rock*, 223 N.C. App. 26, 32 (2012) (citation omitted). When this Court reviews an order granting a motion for summary judgment, "the question on appeal is whether there is a genuine issue as to a material fact and whether [the movant is] entitled to judgment as a matter of law." *Helms*, 124 N.C. App. at 633. "All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Owen v. Haywood Cnty.*, 205 N.C. App. 456, 458 (2010) (citation omitted).

"The same de novo standard applies to questions of statutory interpretation." *Schroeder v. City of Wilmington*, 282 N.C. App. 558, 565 (2022). "The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. In seeking to discover this intent, the court should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish." *Stevenson v. City of Durham*, 281 N.C. 300, 303 (1972). "[W]hen the language of a statute is clear and unambiguous, there is no room for judicial construction, and courts must give the statute its plain meaning." *Gray Media Grp., Inc. v. City of Charlotte through*

*City Council*, 290 N.C. App. 384, 394 (2023).

## IV. <u>Analysis</u>

On appeal, the Town argues the trial court erred by (A) ordering the Town to release confidential personnel records to a party not otherwise entitled to disclosure under N.C.G.S. § 160A-168(c), and (B) ordering the Town to release an unredacted version of the Email where the redactions were required to protect the privacy of the Town's employees. We address each argument in turn.

### A. ISS Report

The Town first argues the trial court erred by ordering the Town to release portions of the ISS Report to Gray Media because the ISS Report was a confidential record that could not be disclosed under N.C.G.S. § 160A-168. Specifically, the Town argues the trial court (1) abused its discretion by ordering a general release of the ISS Report pursuant to N.C.G.S. § 160A-168(c)(4); and (2) misapplied N.C.G.S. § 160A-168(c1)(2).

#### *1. N.C.G.S. § 160A-168(c)(4)*

"Access to public records in North Carolina is governed generally by our Public Records Act, codified as Chapter 132 of the North Carolina General Statutes." *Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 462 (1999). Under the Public Records Act, "[t]he public records and public information compiled by the agencies of [the] North Carolina government or its subdivisions are the property of the people[,]" N.C.G.S. § 132-1(b) (2023), and "the public generally has liberal access

to public records[,]" *Knight Pub. Co. v. Charlotte-Mecklenburg Hosp. Auth.*, 172 N.C. App. 486, 489 (2005). "Absent clear statutory exemption or exception, documents falling within the definition of 'public records' in the Public Records Law must be made available for public inspection." *Virmani*, 350 N.C. at 462 (citation and internal quotation marks omitted). The procedure to request inspection and disclosure of "public records" is governed by N.C.G.S. § 132-6. *See* N.C.G.S. § 132-6(a) (2023).

One statutory exception to the Public Records Law is the inspection and disclosure of "personnel files of employees, former employees, or applicants for employment maintained by a city[.]" N.C.G.S. § 160A-168(a) (2023); *see also Elkin Trib., Inc. v. Yadkin Cnty. Bd. of Cnty. Comm'rs*, 331 N.C. 735, 736, (1992) (holding that if a document falls under N.C.G.S. § 153A-98, which governs the inspection and disclosure of personnel files for county employees, it is not "governed by N.C.G.S. § 132-6 of the Public Records Act because N.C.G.S. § 153A-98 provides such inspection and disclosure may only be done as provided by that section"). As described by N.C.G.S. § 160A-168(a), a "personnel file consists of any information in any form gathered by the city with respect to that employee" and includes, but is not limited to, information "relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment." N.C.G.S. § 160A-168(a). "All information contained in a city employee's personnel file" is considered confidential so long as it is not subject to one of the exceptions rendering personnel

information public in N.C.G.S. § 160A-168(b). N.C.G.S. § 160A-168(c) (2023); *see also* N.C.G.S. § 160A-168(b) (2023) (identifying twelve pieces of information, including name, age, salary, that are considered a matter of public record despite being contained within personnel files).

If the information is not considered a matter of public record under subsection (b), the information is, therefore, confidential and "shall be open to inspection only" in one of seven statutory exceptions enumerated in N.C.G.S. § 160A-168(c), including that, "[b]y order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court." N.C.G.S. § 160A-168(c)(4) (2023).

As previously determined by this Court, the legislative intent behind N.C.G.S. § 160A-168 is to keep confidential information in city employee personnel files confidential, except under limited circumstances. *In re Brooks*, 143 N.C. App. 601, 606 (2001). In *Brooks*, we ascertained the legislative intent behind N.C.G.S. § 160A-168 by examining the plain language of the statute. *Id.*; *see also Correll v. Div. of Soc. Servs.*, 332 N.C. 141, 144 (1992) ("Statutory interpretation properly begins with an examination of the plain words of the statute." (citation omitted)). Cognizant of the fact that the plain language of N.C.G.S. § 160A-168 "does not provide for procedures allowing or directing the court to" use its inherent power under subsection (c)(4), we explained that the trial court "must utilize its inherent power and implement and follow procedures which effectively and practically effectuate the [legislative] intent

of [N.C.G.S. §] 160A-168, that an officer's files remain confidential." *Brooks*, 143 N.C. App. at 611 (citation modified). We subsequently provided general guidelines for when the trial court utilizes its authority under N.C.G.S. § 160A-168(c)(4):

> The [s]uperior [c]ourt should make an independent determination that the interests of justice require disclosure of the confidential employment information. It is further within the [s]uperior [c]ourt's inherent power and discretion to implement other procedures as may be required to effectuate the legislature's intent that the information remain somewhat confidential. The court could, for example, limit that dissemination and use of disclosed materials to certain individuals, order an *in camera* inspection, or redact certain information

*Id.*

Although *Brooks* set forth the general guidelines, this Court did not address the scope of the trial court's authority under N.C.G.S. § 160A-168(c)(4) until *Release of Silk Plant Forest Citizen Rev. Comm.'s Rep. & Appendices v. Barker*, 216 N.C. App. 268 (2011). The specific issue this Court addressed in *Barker* was "whether the legislature intended to grant to the trial court the authority to release portions of a city employee's confidential personnel file *to the general public*[.]" *Id.* at 271 (emphasis added). In addressing this issue, we examined the plain language of the statute, specifically focusing on the language the legislature chose to use "as a limiting mechanism." *Id.* at 272. We determined the legislature sought to keep the personnel files confidential by limiting examination of the file to "any person" as opposed to the "general public," and by granting the trial court the authority to permit

the person to examine, rather than copy or mass produce, the confidential information. *Id.* Simply put, "the legislature chose to grant the trial court *limited authority* to allow 'any person' to 'examine' a relevant 'portion' of the file." *Id.* Relying on this Court's analysis of the legislative intent in *Brooks*, we held that the trial court did not have the authority to release of any portion of a city employee's confidential personnel file to the general public because, "even when justice requires disclosure of this information, the disclosure should be narrowly tailored in order to adhere to the legislative intent." *Id.* at 274. We then noted, in a footnote, that a trial court's determination under N.C.G.S. § 160A-168(c)(4) would likely be reviewed for an abuse of discretion because the trial court was given the "'inherent power and discretion' to tailor the method of disclosure[.]" *Id.* at 274 n. 8 (quoting *Brooks*, 143 N.C. App. at 611).

Here, the Town argued before the trial court, and the trial court concluded, that "the ISS Report is a confidential personnel record under" N.C.G.S. § 160A-168. Gray Media does not appeal the trial court's conclusion, and thus, for the purposes of appeal, we presume that the ISS Report is a confidential personnel record. *See Barker*, 216 N.C. App. at 271 (reasoning that, where the city argued the transcripts were a part of the officers' personnel files and did not contend otherwise on appeal, this Court may assume that the transcripts were confidential and protected under N.C.G.S. § 160A-168(c)). As a confidential personnel record, the ISS Report is protected under N.C.G.S. § 160A-168 and may not be disclosed absent a statutory

exception. *See* N.C.G.S. § 160A-168(c).

When the trial court ordered the Town to release certain portions of the ISS Report, the trial court relied on the statutory exception that, "[b]y order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court." *See* N.C.G.S. § 160A-168(c)(4). The Town, however, argues the trial court abused its discretion by ordering the Town to release portions of the ISS Report under N.C.G.S. § 160A-168(c)(4).

We are unable to determine whether the trial court abused its discretion because the Record on appeal does not contain a copy of the ISS Report that the trial court reviewed *in camera*. We note that portions of the ISS Report are part of the Record because, as the Town concedes, the Town heavily quoted the ISS Report in the Officer's termination letter. Although the information in the ISS Report is considered confidential personnel information, certain portions of the ISS Report became subject to disclosure under the Public Records Act when the Town quoted the ISS Report in the Officer's termination letter. *See News & Observer Pub. Co. v. Poole*, 330 N.C. 465, 474 (1992) (concluding records that were once exempt from the Public Records Act became subject to disclosure under the Public Records Act when the records were placed in the public domain). Without a copy of the ISS Report that the trial court reviewed *in camera*, however, this Court can only speculate as to what the unquoted portions say. For example, the parts of the ISS Report that were not quoted in the Officer's employment termination letter may be exactly what the trial court

ordered to remain redacted. On the other hand, the parts of the ISS Report that were not quoted in the Officer's employment termination letter, but were ordered to be released to Gray Media, could reveal information identifying the residence of a sworn law enforcement officer, thereby possibly violating N.C.G.S. § 160A-168(c4)(1). *See* N.C.G.S. § 160A-168(c4)(1) (2023). Without the ISS Report, however, we cannot readily determine what the ISS Report says, and we are "not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court." *Pharr v. Worley*, 125 N.C. App. 136, 139 (1997) (citation omitted).

While we are unable to determine what the ISS Report says, we hold the trial court exceeded its authority under N.C.G.S. § 160A-168(c)(4) by ordering the Town "to release" portions of the ISS Report to Gray Media. As mentioned, this Court has stated that "the legislature chose to grant the trial court limited authority to allow 'any person' to '*examine*' a relevant 'portion' of the file." *Barker*, 216 N.C. App. at 271 (emphasis added); *see* N.C.G.S. § 160A-168(c)(4) ("By order of a court of competent jurisdiction, any person may *examine* such portion of an employee's personnel file as may be ordered by the court." (emphasis added)). We emphasize the word "examine" because "[t]he use of the word 'examine,' as opposed to 'copy' or another word pertaining to mass publication, indicates the legislature's intent to limit the exposure of these personnel files." *Id.* at 273. Although there may be "circumstances when justice requires that an individual . . . be permitted to examine a relevant portion of a city employee's personnel file, . . . a wholesale publication of even a portion of the

file would be contrary to the legislative intent behind N.C.[G.S.] § 160A-168(c)(4)." *Id.* at 272. Where, as here, the trial court ordered the "release" of confidential personnel information to Gray Media—doing business as WBTV—the threat of mass publication is greater. Thus, because the trial court does not have the authority under N.C.G.S. § 160A-168(c)(4) to order the release of any portion of a city employee's personnel confidential personnel file, s*ee* N.C.G.S. § 160A-168(c)(4), the trial court erred by ordering the Town "to release" portions of the ISS Report to Gray Media. Accordingly, we vacate the trial court's order regarding the release of certain portions of the ISS Report and remand for entry of an order consistent with this opinion.

### 2. N.C.G.S. § 160A-168(c1)(2)

The Town also argues the trial court erred by utilizing subsection (c1)(2) as a "basis for the exercise of its discretion under N.C.G.S. § 160A-168(c)(4)." Specifically, the Town argues the trial court erred by analyzing subsection (c1)(2) because the ISS Report does not concern a criminal investigation and, even if it did, subsection (c1)(2) "provides the municipality with the option to not disclose the investigatory records to the investigated employee while the investigation is active."

As mentioned, confidential information in a city employee's personnel file "shall be open to inspection only" in one of seven statutory exceptions enumerated in N.C.G.S. § 160A-168(c). N.C.G.S. § 160A-168(c). Subsection (c1), however, provides the following four exceptions to N.C.G.S. § 160A-168(c):

> Even if considered part of an employee's personnel file, the

following information need not be disclosed to an employee nor to any other person:

> (1) Testing or examination material used solely to determine individual qualifications for appointment, employment, or promotion in the city's service, when disclosure would compromise the objectivity or the fairness of the testing or examination process.

> (2) Investigative reports or memoranda and other information concerning the investigation of possible criminal actions of an employee, until the investigation is completed and no criminal action taken, or until the criminal action is concluded.

> (3) Information that might identify an undercover law enforcement officer or a law enforcement informer.

> (4) Notes, preliminary drafts and internal communications concerning an employee. In the event such materials are used for any official personnel decision, then the employee or his duly authorized agent shall have a right to inspect such materials.

N.C.G.S. § 160A-168(c1) (2023). Ordinarily, the city invokes one of the exceptions under subsection (c1) as a means to claim an exemption from the disclosure requirements under N.C.G.S. § 160A-168(c). *See Wind v. City of Gastonia*, 226 N.C. App. 180, 185, *aff'd,* 367 N.C. 184 (2013) ("It is under this exception enumerated in subsection (c1)(4) that [the city] asserts *its authority* to deny [the] plaintiff's request to inspect the documents at issue." (emphasis added)).

Here, in addition to utilizing its inherent authority under N.C.G.S. § 160A-168(c)(4), the trial court also relied on N.C.G.S. § 160A-168(c1)(2) in determining

whether the Town should release the ISS Report to Gray Media. The Town, however, did not assert its authority under subsection (c1)(2) as a way to deny Gray Media's request to review the ISS Report. *See id.* Further, neither of the parties point to evidence indicating the ISS Report contained "information concerning the investigation of possible criminal actions of an employee[.]" *See* N.C.G.S. § 160A-168(c1)(2). As such, because subsection (c1) provides exceptions to the disclosure requirements under subsection (c), the trial court erred in using subsection (c1)(2) as a means to order disclosure of the ISS Report. The trial court's error in using subsection (c1)(2), however, does not affect our disposition because, as discussed, the trial court's order regarding the release of certain portions of the ISS Report must be vacated.

### B. Email

Next, the Town argues the trial court erred by ordering the Town to release an unredacted version of the Email. Specifically, the Town argues that it was obligated to redact the officers' names in the Email because "disclosing the identity of employees whose body-worn camera footage was needed for the investigation is confidential personnel information under [N.C.]G.S. § 160A-168." Further, the Town argues that "requestors are entitled to the name of every municipal employee, [but] not every document with a municipal employee's name on it notwithstanding any other statutory privilege."

Section 160A-168(b), provides:

(b) The following *information* with respect to *each* city employee is a matter of public record:

(1) Name.

(2) Age.

(3) Date of original employment or appointment to the service.

(4) The terms of any contract by which the employee is employed whether written or oral, past and current, to the extent that the city has the written contract or a record of the oral contract in its possession.

(5) Current position.

(6) Title.

(7) Current salary.

(8) Date and amount of each increase or decrease in salary with that municipality.

(9) Date and type of each promotion, demotion, transfer, suspension, separation, or other change in position classification with that municipality.

(10) Date and general description of the reasons for each promotion with that municipality.

(11) Date and type of each dismissal, suspension, or demotion for disciplinary reasons taken by the municipality. If the disciplinary action was a dismissal, a copy of the written notice of the final decision of the municipality setting forth the specific acts or omissions that are the basis of the dismissal.

(12) The office to which the employee is currently assigned.

N.C.G.S. § 160A-168(b) (emphasis added). The statute further provides, "[a]ll

information contained in a city employee's personnel file, other than the information *made public* by subsection (b) of this section, is confidential . . . ." N.C.G.S. § 160A-168(c) (emphasis added). As mentioned, this Court has already recognized that, according to the plain language of the statute, *see Gray Media Grp., Inc.*, 290 N.C. App. at 394, the legislative intent behind N.C.G.S. § 160A-168 is "to keep a city employee's personnel file confidential except under limited circumstances." *Barker*, 216 N.C. App. at 274.

Nonetheless, the release of a city employee's name located in another city employee's personnel file, does not necessarily reveal any confidential personnel information that the legislature intended to keep confidential; rather it releases only information that is already, by the plain terms of the statute, "a matter of public record[.]" N.C.G.S. § 160A-168(b); *see Gray Media Grp., Inc.*, 290 N.C. App. at 394. Thus, according to the plain language of the statute, each city employee's name that is made public by subsection (b) is a matter of public record subject to disclosure under the Public Records Act. N.C.G.S. § 160A-168(b)(1). Accordingly, we affirm the trial court's order directing the Town to release a version of the Email without redacting the city employees' names.

## V. <u>Conclusion</u>

For the reasons discussed, we hold the trial court did not err by ordering the Town to release a version of the Email without redacting the city employees' names; however, the trial court did err by ordering the Town to release portions of the ISS

Report to Gray Media, where the trial court has the limited authority under N.C.G.S. § 160A-168(c)(4) to permit a person to *examine* a relevant portion of the file. We therefore affirm the trial court's order in part, vacate the trial court's order regarding the release of certain portions of the ISS Report, and remand for entry of an order consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Chief Judge DILLON and Judge GRIFFIN concur.